**GENERAL INSURANCE COMPANY OF AMERICA, a Washington corporation, Plaintiff–counter–defendant–Appellee,**

Employers Insurance Company of Nevada, Intervenor–Plaintiff–Appellee,

v.

Scott CRONK; et al., Defendants–counter–claimants–Appellants.

Employers Insurance Company of Nevada, Intervenor–Plaintiff–Appellant,

v.

General Insurance Company of America, a Washington corporation, Plaintiff–counter–defendant–Appellee,

and

Scott Cronk; et al., Defendants–counter–claimants.

Nos. 12–15755, 12–15791.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 15, 2014.*

Filed Jan. 22, 2014.

Charles Spann, Beckett Yott & McCarty & Spann, Reno, NV, for Intervenor–Plaintiff–Appellee.

Greg S. Como, Lewis Brisbois Bisgaard & Smith LLP, Phoenix, AZ, Darrell D.

---

* See Fed. R.App. P. 34(a)(2).

Dennis, Lewis Brisbois Bisgaard & Smith, LLP, Las Vegas, NV, for Plaintiff–counter–defendant–Appellee.

Mark C. Wenzel, Esquire, Bradley Drendel & Jeanney, Reno, NV, for Defendants–counter–claimants–Appellants.

Before: ALARCÓN, TALLMAN, and IKUTA, Circuit Judges.

MEMORANDUM **

Scott Cronk, Chris Crumley, and Employers Insurance of Nevada appeal from the district court's order granting summary judgment in favor of General Insurance Company of America (GICOA). We have jurisdiction under 28 U.S.C. § 1291.

Neither Cronk nor Crumley was entitled to coverage under the plain language of Carson Nugget's uninsured motorist endorsement because they were not " 'occupying' a covered 'auto' or a temporary substitute for a covered 'auto' " when injured. Because neither Cronk nor Crumley was a "person insured" under Carson Nugget's commercial automobile policy, their exclusion from uninsured motorist coverage does not violate Nevada's public policy. *See State Farm Mut. Auto. Ins. Co. v. Hinkel,* 87 Nev. 478, 484, 488 P.2d 1151 (1971). Nor is section 616C.215(3)(c) of the Nevada Revised Statutes to the contrary, as Cronk and Crumley were not injured "under circumstances entitling [them] . . . to receive proceeds under [their] employer's policy of uninsured or underinsured vehicle coverage." Nev.Rev. Stat. § 616C.215(3).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

